RAYMOND HUBERT REIMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reimer v. Commissioner
Docket No. 8010-81.
United States Tax Court
T.C. Memo 1981-389; 1981 Tax Ct. Memo LEXIS 353; 42 T.C.M. (CCH) 518; T.C.M. (RIA) 81389; July 29, 1981. *353 Francis J. Elward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: [1] This case was assigned to Special Trial Judge Fred R. Tansill for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be *354 granted, filed June 4, 1981, pursuant to Rule 40(b) of this Court's Rules of Practice and Procedure. [2]
Petitioner filed an individual income tax return for 1979 on Form 1040 on which he included a Miscellaneous Deduction item on line 31 of Schedule A entitled "Conscientious objection to military expenditures--$ 3,992." Upon audit, the IRS disallowed the $ 3,922 claimed on the return. A statutory notice dated January 16, 1981 denied the deduction and further determined that part of the tax for the year 1979 was due to negligence or intentional disregard of rules and regulations and, consequently, the five percentum addition to tax provided by section 6653(a) of the Internal Revenue Code was asserted. Thus, there was determined a deficiency of $ 351 and a penalty of $ 17.55. The taxpayer filed a petition with this Court on April 20, 1981, disputing both the deficiency and the addition to tax. There is no provision for a deduction such as claimed by petitioner and it has long been established that, no matter how sincere a taxpayer's beliefs may be, such a deduction *355 is not allowable. E.g., Egnal v. Commissioner, 65 T.C. 255, 263 (1975). See also Tingle v. Commissioner, 73 T.C. 816 (1980). On the question of standing to sue, this Court in Monsky v. Commissioner, T.C. Memo. 1977-119 concluded that "petitioner lacks standing to contest the military expenditures of the Federal Government" citing Flast v. Cohen, 392 U.S. 83 (1968) and Scheide v. Commissioner, 65 T.C. 455 (1975). Those authorities also apply here to deny petitioner's assertions. Accordingly, we hold that respondent should prevail, and his motion to dismiss will be granted. An appropriate order and decision will be entered. Footnotes
1. This case was assigned by Court order of assignment dated July 1, 1981, for the purpose of conducting a hearing on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed herein. Both parties were afforded an opportunity to present their views and argue the merits of the respondent's motion at that hearing. Neither petitioner nor a counsel for petitioner appeared and no written statement on behalf of petitioner was submitted, as allowed by Rule 50(c). Respondent appeared through counsel and argued orally in support of his motion.↩
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩